## In Re Anonymous No. 19 D.B. 84

Disciplinary Board Docket No. 19 D.B. 84.

DANIELS, *Chairman,* March 5, 1985 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania files this report in the above-captioned matter.

### I. HISTORY OF PROCEEDINGS

The within petition for discipline was filed by the Office of Disciplinary Counsel on March 12, 1984 against [     ] (respondent), with respect to respondent's alleged commingling of his client's funds with his own.

The petition for discipline alleged that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility:

(a) Disciplinary Rule 1-102(A)(4) — dealing with conduct involving dishonesty, fraud, deceit, or misrepresentation;

(b) Disciplinary Rule 9-102(A) — dealing with the proper maintenance and use of a lawyer's trust account for entrusted funds of clients; and,

(c) Disciplinary Rule 9-102(B)(4) — dealing with the prompt payment or delivery to a client, as requested by the client, of funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

Hearing committee [    ] was assigned to hear these charges and, upon due notice to all parties, the hearing was conducted on June 6, 1984.

On September 10, 1984, hearing committee [    ] filed its report, in which it found that respondent by his conduct had violated D.R. 9-102(A). The hearing committee did not find violations of D.R. 1-102(A)(4) or D.R. 9-102(B)(4). Based on the violations found, hearing committee [    ] recommended that a private reprimand be administered to respondent before the board.

Office of Disciplinary Counsel filed brief on exceptions on October 1, 1984, and respondent's brief opposing exceptions, filed October 17, 1984, requested oral argument. Argument was scheduled for November 21, 1984. After adjudication by the board on November 28, 1984, the board makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

1. In a marital property settlement agreement, in which [respondent] represented his wife, he properly opened a $10,000 Handy Saver account on July 25, 1979, entitled, "[respondent], Trustee for [A]." If the husband satisfied two joint judgments, he was to get the $10,000 plus the interest. If the husband failed to do so, the said attorney was to pay these judgments, and turn the balance over to the said husband. Checks could not be written on this account.

2. When the amount needed to satisfy the two judgments became clear, [respondent] had the bank issue a cashiers check for $6,832.77, which was paid over to the husband and his attorney.

3. When settlement on the real estate appeared imminent, [respondent] had the bank draw a $3,000

cashiers check on the aforesaid account, so that [respondent] could write checks at the settlement. [respondent] deposited this $3,000 in his office account on October 15, 1981, rather than his trustee account.

4. Although the settlement was on February 5, 1982, the one judgment was not satisfied until November 4, 1982, when $2,000 was paid.

5. Finally, on November 4, 1982, a judgment, which had been assigned to HUD was settled for $992.47. On that same day, the balance due plus interest, $924.53 was paid to the husband and his attorney, [B].

6. In the meantime, due to the long delay, the wife had reported [respondent], to the Office of Disciplinary Counsel.

The hearing committee recommended a private reprimand.

7. At no point did [respondent] lie to, or deceive his client, her former husband, or his attorney, [B].

8. Everyone was paid in full, including interest.

### III. CONCLUSION OF LAW

[Respondent] was in violation of D.R. 9-102(A) when he deposited $3,000 of his client's funds into his office account.

### IV. CONCLUSION

For all of the foregoing reasons, it is the determination of the board that respondent receive an informal admonition. Furthermore, pursuant to Rule 208(g)(2) of the Pennsylvania Rules of Disciplinary Enforcement, respondent is directed to pay the costs incurred in the investigation and prosecution of this matter.

## ORDER

And now, this March 5, 1985, the report and recommendation of hearing committee [     ] is rejected; and it is ordered and decreed, that the said [respondent] of [     ] County, be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(6) of the Pennsylvania Rules of Disciplinary Enforcement. Costs are to be paid by the respondent.

Board members Daniels, Hammerman, Keck, McDonald and Helwig dissent and would recommend a private reprimand.